UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RICKIE WESTBROOK, SR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:10-CV-526 JD |
| STATE OF INDIANA, *et al.*, | ) | |
| Defendants. | ) | |

## Order

On December 20, 2010, Plaintiff, Rickie Westbrook Sr. ("Westbrook"), filed a Complaint in this Court. *See* DE 1. Between February 9, 2011 and March 18, 2011, the Defendants filed five motions to dismiss and one motion to transfer venue. *See* DE 24, DE 31, DE 35, DE 38, DE 41, and DE 45. On June 3, 2011, Westbrook made a number of filings in response. *See* DE 55, DE 56, DE 58. One such filing was entitled "Motion To Dismiss Lawsuit On Some Defendants", in which Westbrook appears to concede that dismissal is appropriate for a few, though not all, of the defendants. *See* DE 58. In particular, Westbrook indicates that he seeks dismissal of Defendants Marion City Hall, Grant County Commissioner Office, and the Kokomo Perspective. *See* DE 58. However, Westbrook does not specify whether he seeks dismissal with or without prejudice of his claims against these Defendants.

In addition, also on June 3, 2011, Westbrook filed two response briefs, opposing dismissal of Westbrook's claims against the remaining Defendants. *See* DE 55, DE 56. Specifically, one response opposed dismissal of Westbrook's claims against the Grant County Probation Office, Probation Officers Brad Kochanek and Terry Johnson, and Prosecutor Lisa Glancey. *See* DE 55. The other response opposed dismissal of Westbrook's claims against the

State of Indiana, the Grant County Prosecutor's Office, and Prosecutor Lisa Glancey. *See* DE 56. Although Westbrook's filings were received three days after the Court's extended response deadline, the Court considered Westbrook's response filings to be timely. *See* DE 62 at 2.

Thereafter, on June 6, 2011, Defendants, the State of Indiana, the Grant County Prosecutor's Office and Prosecutor Lisa Glancey, filed a reply. *See* DE 57. On June 8, 2011, Defendants, Grant County Probation Office, and Probation Officers Brad Kochanek and Terry Johnson, filed a reply. *See* DE 59.

On June 3, 2011, Defendant, Wilson Media Group, Inc. ("Kokomo Perspective", *see* DE 45), filed a motion for entry of judgment in relation to its motion to dismiss, contending that dismissal of Westbrook's claims against it should be with prejudice. *See* DE 54. On June 9, 2011, the Court interpreted this filing to be a reply to Westbrook's motion to dismiss the Kokomo Perspective. *See* DE 62 at 2. Similarly, on June 8, 2011, Defendants, Marion City Hall and Grant County Commissioner Office, filed motions for entry of judgment in relation to their previously filed motions to dismiss, also asserting that Westbrook's stipulated dismissal of his claims against them should be with prejudice. *See* DE 60, DE 61. Likewise, the Court interprets these filings to be replies to Westbrook's motion to dismiss these defendants. *See* DE 58.

On June 9, 2011, the undersigned referred the numerous pending motions to Magistrate Judge Christopher A. Nuechterlein for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72.1(c). *See* DE 62. On June 17, 2011, Magistrate Judge Nuechterlein issued a partial Report and Recommendation, addressing the motions to dismiss filed by Defendants Marion City Hall,

Grant County Commissioner Office, and the Kokomo Perspective.[1] *See* DE 63. Therein, Magistrate Judge Nuechterlein recommends that Westbrook's claims against Defendants Marion City Hall, Grant County Commissioner Office, and the Kokomo Perspective be dismissed with prejudice.

As of this date, no party has filed an objection to the Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) (affording the parties fourteen days to file objections).

The Court's review of a Magistrate Judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

Under Fed. R. Civ. P. 72(b), however, the Court must only make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which specific written objection have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Fed. R. Civ. P. 72(b) (setting forth procedures for objecting to a Magistrate Judge's Report and Recommendation and the District Court's standard of review for resolving objections). If no objection or only a partial objection is made, the Court reviews those

---

[1] Magistrate Judge Nuechterlein's initial Report and Recommendation cited DE 32, DE 39, DE 46, DE 60, and DE 61. The undersigned notes that DE 32, DE 39, and DE 46 are memorandums in support of motions to dismiss, DE 31, DE 38, and DE 45. Further, as stated above, the undersigned interprets DE 60 and DE 61 to be reply briefs rather than motions. Similarly, the undersigned notes, consistent with its previous order, that DE 54 is also considered a reply rather than a motion, *see* DE 62 at 2. Regardless of the documents cited or their respective positions, Magistrate Judge Nuechterlein's Report and Recommendation clearly addresses the disposition of Westbrook's claims against Defendants Marion City Hall, Grant County Commissioner Office, and the Kokomo Perspective, as addressed within the documents.

unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court also "waives the right to appeal all issues addressed in the recommendation, both factual and legal.". *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) permit the parties to file objections to a Report and Recommendation within fourteen days of being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). More than 14 days have passed since the entry of Magistrate Judge Nuechterlein's Report and Recommendation, and no party has filed an objection. Consequently, because the time period for objections has passed, the Court considers there to be no objection to Magistrate Judge Nuechterlein's Report and Recommendation.

Having reviewed the Report and Recommendation and finding no clear error therein, the Court **ADOPTS** the initial Report and Recommendation in its entirety, [DE 63], and incorporates Magistrate Judge Nuechterlein's findings and recommendations into this order. Accordingly, the Court now **DISMISSES WITH PREJUDICE** Westbrook's claims against Defendants Marion City Hall, Grant County Commissioner Office, and the Kokomo Perspective. However, the rest of Westbrook's claims remain pending as pled. In addition, the Court **DENIES AS MOOT** the motions to dismiss, DE 31, DE 38, and DE 45. Further, the Court **INSTRUCTS** the Clerk to **TERM** filings DE 54, DE 58, DE 60 and DE 61, as the Court considers them to be replies in support of the related motions to dismiss rather than independent motions.

The undersigned's referral to Magistrate Judge Nuechterlein for a Report and

Recommendation, in regards to the motions to dismiss, DE 24 and DE 35, and the motion to transfer, DE 41, is not otherwise impacted by this Order and remains pending.

SO ORDERED.

ENTERED: July 19, 2011

          /s/ JON E. DEGUILIO
Judge
United States District Court