UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RICKIE WESTBROOK, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:10-CV-526 |
| STATE OF INDIANA, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On February 9, 2011, Defendants the State of Indiana, the Grant County Prosecutor's Office, and Lisa Glancey, Prosecutor (collectively "Grant County Prosecutors") filed a motion to dismiss Plaintiff's complaint for wrongful arrest, wrongful incarceration, and malicious prosecution. On February 25, 2011, Defendant, Grant County Probation filed a motion to dismiss. On June 3, 2011, Plaintiff, Rickie Westbrook, Sr., ("Westbrook") filed a response. On June 6, 2011, Defendants Grant County Prosecutors filed a reply. On June 8, 2011, Defendant Grant County Probation filed a reply. For the following reasons, this Court **RECOMMENDS** that the Defendants' Grant County Prosecutors and Grant County Probation's motions to dismiss be **GRANTED**.

**I.     RELEVANT BACKGROUND**

Westbrook was sent to prison in September 2005. He was released from prison and placed on parole in May 2006. He was released from parole in November 2007. From November 2007 to September 5, 2009, he was unaware that he was still on probation. Westbrook then moved to Vermont. Probation officers then sent letters to him on March 24, 2010, and March 31, 2010; however both of these letters were sent to the wrong address. As a result, Westbrook did not

respond to the letters. Consequently, a probation officer filed a petition to revoke Westbrook's suspended sentence and a warrant was issued for his arrest. The incident that led to the present case took place on November 6, 2010, when Westbrook was arrested after being in a car accident. As a result of the arrest, he was incarcerated from November 6, 2010 to November 9, 2010. In his complaint, Westbrook seeks relief from Defendants in the amount of $1,050,000.00 for "wrongful incarceration, slander, embarrassment. . .threat [and] intimidation by Prosecutor, Probation an[d] State." Doc. No. 1 at 3.

Westbrook charged both Defendants Grant County Probation and Grant County Prosecutors with "incompetence, failure to investigate this case, before filing the charge." *Id.* at 6. Westbrook made further allegations against his probation officer, Brad Kochanek ("Kochanek") and Glancey stating that they told him that "if I did not plead guilty that he an[d] Ms. Lisa Glancey would see to it that I don't go home, but will make sure I do 6 months for this 180 day probation that they allege Plaintiff was to be on and violated." *Id.* at 7. Westbrook also "charge[d] Mr. Brad Kochanek, and Ms. Lisa Glancey with threatening and intimidation an[d] attempt to force me to plead guilty and taking my freedom away with threats of incarceration if I did not plead guilty to an unwarranted charge." *Id*. Westbrook charged "Kochanek and Glancey with conduct unbecoming of public officials." More generally, Westbrook charged

> [E]ach defendant under color of law in both their official capacities in violation of my Fourteenth Amendment, rights guaranteed Privileges and Immunities of citizenship, Due Process an[d] Equal Protection, that all persons born in U.S. that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens, nor deprive without due process of law, deny to any person within its jurisdiction the equal protection of the laws. These things defendants violated this protection. *Id*. at 9.

Finally, Westbrook requested that this Court "investigate all cases from 2004 until now that

these individual had a part in its out come." *Id*.

Specific to Grant County Probation, Westbrook alleged that the probation office sent correspondence regarding his probation to improper addresses which caused him to fail to receive the correspondence. *Id*. at 4. Further, Westbrook alleged that Grant County Probation failed to inform him that he had additional probation to serve after being released from parole in November 2007. *Id*.

In regards to Grant County Prosecutors, Westbrook charged prosecutor Glancey "with prosecutor misconduct, for sending [probation officer] Kochancek to force me to plead to the charge, also with coercion and trying to force me into a false confession with judicial misconduct for threats [and] intimidation." *Id*. at 7. Additionally, Westbrook alleged that Glancey violated the code of ethics that she was bound to follow and sought for Glancey to be held in contempt of court for acting out "a personal vendetta, maliciously prosecuting, and for her egregious behavior." *Id.* at 8.

## II.  ANALYSIS

Under Fed. R. Civ. P. 12(b)(6), dismissal of a complaint is appropriate when the complaint fails to allege a cause of action for which relief can be granted. A motion to dismiss for failure to state a claim is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Estate of Verdak v. Butler University,* 856 N.E2d 126, 134 (Ind. Ct. App. 2006). Federal law only requires a plaintiff to provide a short and plain statement of the claim that the pleader is entitled to relief. Fed. R. Civ. P. 8; *see Bartholet v. Resihauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) (A complaint should be "short and simple giving the opposing party notice while leaving the rest to further

3

documents"). It is not necessary for a complaint to identify legal theories in order to state a claim or indicate each technical element of a legal theory that is identified. *Powell v. Fuijimoto*, 119 Fed. Appx. 803, 804 (7th Cir. 2004). A complaint that states a plausible claim for relief survives a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct 1937, 1949-50 (2009); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (The pleading stage does not impose a probability requirement, it simply requires alleged facts to be plausible so as to entitle a person to relief even if recovery is remote and unlikely). The question of whether sovereign immunity or absolute immunity under Section 1983 bars a claim is properly brought under Rule 12(b)(6). *See Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008); *Rangel v. Reynolds*, 607 F.Supp.2d 911, 921-22 (N.D. Ind. 2009).

    **A.    State of Indiana and Grant County Probation**

The Eleventh Amendment prohibits any action brought against a state court or other branches of state government unless the state waives its immunity. *Elliott v. Hinds*, 573 F.Supp. 571, 575 (N.D. Ind. 1983). Indiana has not waived its immunity. Ind. Code § 34-13-3-3(6) ("A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . [t]he initiation of a judicial or administrative proceeding."). Furthermore, the Eleventh Amendment protects state officials acting within their official capacity from litigation. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Under Indiana law probation is a function of the state court system and probation officers are directly supervised by the courts. Ind. Code § 11-13-1-1(c) ("Probation officers shall serve at the pleasure of the appointing court and are directly responsible to and subject to the orders of the court."); *Ryle v. State*, 842 N.E.2d 320, 324 (Ind. 2005). This statutory language affirms that the duties of

4

probation officers are "essentially and inextricably bound up with those of the court itself." *Blackwell v. Cook*, 570 F. Supp. 474, 478 (N.D. Ind. 1983).

The Eleventh Amendment does not extend to actions of State officials in their personal capacity. *Meadows* at 1069. Only egregious acts performed by a public official would be outside the scope of the official capacity, so that circumstances of malice or evil motive would preclude a finding that the official acted in an official capacity. *Kolar v. Sangamon County of State of Ill.*, 756 F.2d 564, 568 (7th Cir. 1985).

Westbrook's complaint alleges "incompetence" and a "failure to investigate." Doc. No. 1 at 6. Incompetence and a failure to investigate do not allege constitutional violations. Rather they allege torts based upon negligence. As such, Westbrook's claims against the State of Indiana would fail because it has not abrogated its Eleventh Amendment immunity for tort claims arising from the initiation of judicial proceedings. *See* Ind. Code § 34-13-3-3(6). Westbrook alleged that he is entitled to relief because he was wrongfully arrested and prosecuted for a parole violation, which constitutes a judicial proceeding. As a result, the State of Indiana is immune.

Grant County Probation, an arm of the state, is also immune from suit. Although Westbrook has alleged that Grant County Probation is responsible for an error in communicating the terms of Westbrook's probation, only egregious acts performed by a public official would give grounds for a claim against Grant County Probation. *See Kolar*, 756 F.2d at 568. Indeed, such an egregious act would be grounds for a claim against an official in his individual capacity, rather than an official capacity. Here, Westbrook has alleged that Grant County Probation, in its incompetence, committed an error in sending a letter to the wrong address and failing to inform him of the terms of his probation. But this is not the type of act that would give Westbrook a

5

claim against an individual, much less the entire probation system. As a result, Westbrook has failed to state a claim against Grant County Probation upon which relief can be granted, and his claims against Grant County Probation should also be denied.

    **B.    Grant County Prosecutors and Lisa Glancey**

According to Section 1983, "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. §1983. "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "A prosecutor is shielded by absolute immunity when he acts as an advocate for the state," including the preparation and initiation of judicial proceedings. *Smith*, 346 F.3d at 742 (internal quotation omitted). "[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id.* (internal quotation omitted).

In regards to Grant County Prosecutors, the Court finds that Westbrook's complaint fails to state a claim that entitles him to relief because Section 1983 bars litigation against prosecutors acting in judicial proceedings. The allegations against Grant County Prosecutors refer to acts that were in preparation for judicial proceedings against Westbrook for parole violations. *See Smith*, 346 F.3d at 742. Because the actions against Westbrook were in preparation for litigation and within the scope of a prosecutors' duties, Grant County Prosecutors are protected from liability under Section 1983. Courts have determined that obtaining an arrest warrant and plea bargain

misrepresentations are protected under prosecutorial immunity because these acts are intimately linked with the judicial phase of a criminal proceeding. *See Kalina v. Fletcher*, 522 U.S. 118, 128 (1997) *see also Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149-1150 (2nd Cir. 1995). As such, the prosecutor's office's arrest and plea bargaining strategy against Westbrook are protected from litigation. Because Section 1983 protects Grant County Prosecutors from litigation, the Court has no relief to grant Westbrook. As a result, Westbrook's complaint failed to state a claim for relief because even if all the allegations are taken as true, Westbrook's claims are still barred under Section 1983.

In addition to the complaint against Grant County Prosecutors, Westbrook named Glancey individually as a defendant for malicious prosecution because she allegedly had Westbrook arrested and forced him either to plead guilty or go to prison. However, unlike other executive or administrative officials that are protected by qualified immunity, prosecutors enjoy absolute immunity when performing tasks that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 129 S.Ct. 855, 864 (2009); *see also Imbler*, 424 U.S. at 430 (asserting that anything less than absolute immunity would prevent prosecutors from carrying out their duties as public servants). In particular, "prosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." *Burns v. Reed*, 111 S. Ct. 1934, 1939 (1991).

In the present case, Glancey enjoyed prosecutorial immunity from civil liability under Section 1983 because her decision to prosecute Westbrook was intimately associated with the judicial phase of the criminal process. In deciding to prosecute and plea bargain Westbrook, Glancey exercised legal judgments that are basic trial-related duties of a prosecutor. Therefore,

7

Glancey is absolutely immune from suit under Section 1983 for her decision to prosecute Westbrook. Consequently, this Court finds that Westbrook's claim against Glancey as an individual must fail.

## III. CONCLUSION

Because the State of Indiana and Grant County Probation enjoy sovereign immunity and Grant County Prosecutors and Lisa Glancey are protected by absolute immunity under Section 1983, Westbrook has failed to state a claim upon which relief can be granted. Therefore, this Court **RECOMMENDS** that Defendants' motion to dismiss defendants Grant County Prosecutors and Grant County Probation be **GRANTED**.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**
>
> **SO ORDERED.**

Dated this 11th day of August, 2011.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge