UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RICKIE WESTBROOK, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:10-CV-526 JD |
| | ) | |
| STATE OF INDIANA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Order</u>**

On December 20, 2010, Plaintiff, Rickie Westbrook, Sr., filed a Complaint in this Court for wrongful arrest, wrongful incarceration, and malicious prosecution. On February 9, 2011, Defendants the State of Indiana, the Grant County Prosecutor's Office, and Prosecutor Lisa Glancey filed a motion to dismiss. *See* DE 24. On February 25, 2011, Defendant Grant County Probation Office likewise filed a motion to dismiss. *See* DE 35. On June 3, 2011, Westbrook filed a response to each motion. *See* DE 55, DE 56. Although Westbrook filed these responses three days after the Court's extended response deadline, the Court considered them timely. See DE 62 at 2. On June 6, 2011, the State and the county prosecutors filed their reply. *See* DE 57. On June 8, 2011, the county probation office filed its reply. *See* DE 59.

On June 9, 2011, the undersigned referred these and other pending motions to Magistrate Judge Christopher A. Nuechterlein for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Procedure 72(b), and Northern District of Indiana Local Rule 72.1(c). *See* DE 62. On July 19, 2011, the Court adopted Magistrate Judge Nuechterlein's undisputed June 17, 2011 partial Report and

Recommendation addressing several of the other pending motions. *See* DE 63, DE 64. On August 11, 2011, Magistrate Judge Nuechterlein issued a second partial Report and Recommendation addressing the two pending motions to dismiss by the State and the county prosecutors, and the county probation office. There, Magistrate Judge Nuechterlein recommends that Defendants' motions be granted and Westbrook's claims against the State of Indiana, the Grant County Prosecutor's Office, Lisa Glancey, and the Grant County Probation Office be dismissed with prejudice.

The Court's review of a Magistrate Judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). Under Fed. R. Civ. P. 72(b), however, the Court must only make a de novo determination of those portions of the Magistrate Judge's Report and Recommendation to which specific written objection have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those portions that have not be objected to for clear error. *Id.* In addition, failure to file objections with the district court also "waives the right to appeal all issues addressed in the recommendation, both factual and legal." *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

As of this date, no party has filed an objection to the Report and Recommendation. Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2) require the parties to file objections to a Report and Recommendation within fourteen days of being served with a copy. Because more than fourteen days have passed since the entry of Magistrate Judge Nuechterlein's Report and Recommendation, the Court considers there to be no objection to Magistrate Judge Nuechterlein's Report and Recommendation.

Having reviewed the Report and Recommendation and finding no legal or other clear error, the Court **ADOPTS** the initial Report and Recommendation [DE 65] in its entirety and incorporates Magistrate Judge Nuechterlein's findings and recommendations into this order. Accordingly, the Court now **DISMISSES WITH PREJUDICE** Westbrook's claims against Defendants the State of Indiana, the Grant County Prosecutor's Office, Lisa Glancey, and the Grant County Probation Office. However, Westbrook's claims against Brad Kochanek and Terry Johnson remain pending as pled.

The only remaining pending motion is the motion to transfer filed by Defendants Grant County Probation Office, Probation Worker Brad Kochanek, and Probation Officer Terry Johnson. *See* DE 41. That motion is now moot with respect to the Grant County Probation Office, but the referral is otherwise unaffected by this order.

SO ORDERED.

ENTERED:   September 19, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court