UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICKIE WESTBROOK, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:10-CV-526-JD-CAN |
| | ) |
| STATE OF INDIANA, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION & ORDER**

On December 20, 2010, Rickie Westbrook, Sr., filed a *pro se* § 1983 complaint against nine defendants alleging violations of his federally secured rights. Seven of those defendants have already been dismissed from the case. The remaining two defendants, former Grant County probation officers who played periphery roles in the plaintiff's arrest and short detention in November, 2010, have moved for summary judgment. For the reasons stated herein, their motion is granted.

### **Background**

On September 9, 2005, plaintiff Rickie Westbrook was convicted in Grant County Circuit Court on one count of misdemeanor battery (count two) and one count of felony battery (merged counts three and four). [DE 76-8 at 33]. He was sentenced in a written order issued the same day to a one-year term of imprisonment on count two, with 180 days executed and 180 days suspended on probation, and to three years' imprisonment on counts 3 and 4, sentences to run concurrent. [DE 76-8 at 34]. On September 26, 2005, Westbrook filed a *pro se* motion to modify his sentence. [DE 76-10 at 11-12]. He felt that the 180 days of probation on count two exceeded what he agreed to under his plea agreement, despite the fact that his plea agreement stated the following:

1

> 2. That the STATE OF INDIANA and the defendant agree that the sentence shall be on Count 2, one (1) year with 180 days executed.

[DE 76-10 at 1]. Sensibly, the court found Westbrook's motion to be meritless and denied the same. [DE 76-10 at 13]. Westbrook served his prison sentence and was released from parole on November 7, 2007. [DE 78 at 1]. It is undisputed, however, that Westbrook never reported for probation, either upon his release from prison or after he was released from parole. [DE 76-1 at 1].

In March, 2010, Terry Johnson, a former Grant County probation officer, ran a routine computer check of offenders who had pending, unserved sentences of probation.[DE 76-1 ¶¶ 1-3]. Westbrook's name turned up. Johnson confirmed, by looking at the same sentencing order which has been provided to this court, that Westbrook's sentence included a term of probation. He then sent a letter to the plaintiff's last known address asking him to come in for a meeting. [DE 76-1 ¶ 5]. He also found a prior listed address for the plaintiff and attempted to contact him there. [DE 76-1 ¶ 6]. Johnson never received a response from Westbrook, who, unbeknownst to the probation office, had moved out of state. In fact, Johnson has never in his life met or spoken to Westbrook. [DE 76-1 ¶ 7]. Johnson waited more than a week, then prepared a petition for revocation of suspended sentence based on Westbrook's apparent failure to report for probation. [DE 76-1 ¶ 7; DE 76-5]. The petition was simply a recitation of the facts: Westbrook's sentence included a term of probation; he had never reported for it despite having been released from incarceration several years prior; and the probation officer had tried to contact him with no success. Based on the petition, on April 6, 2010, the Grant County Circuit Court issued a bench warrant. [DE 76-6].

On November 6, 2010, while visiting his children and grandchildren in Marion, Indiana, Westbrook was in a car accident. [DE 1 at 4]. When the police arrived, they arrested Westbrook pursuant to the bench warrant and placed him in jail. [DE 1 at 4]. He was released on November 9,

2010, and appeared in court on November 12, 2010. [DE 1 at 5]. Lisa Glancey, previously a defendant in this case, was the prosecutor. Brad Kochanek was the Grant County probation office's representative in attendance. [DE 76-7 ¶¶ 1-3]. Glancey asked Kochanek to see if Westbrook would plead guilty to the probation violation in exchange for a sentence of time served. [DE 76-7 ¶ 3]. Westbrook claims that during their discussion, Kochanek stated that if Westbrook did not plead guilty, the prosecutor would see to it that Westbrook would not go home, but would serve the six months' suspended sentence for violating his probation. [DE 76-8 at 23]. Westbrook also claims that Kochanek was "rude, unprofessional, and . . . threaten[ed] [his] freedom[.]" [DE 76-8 at 25]. At the same time, it is undisputed that Kochanek never made any personal threats. [DE 76-7 ¶ 7].

Following the discussion with Kochanek, Westbrook decided not to plead guilty. Nonetheless, the prosecutor decided her office wanted nothing more to do with the case. [DE 76-7 ¶ 8]. After a discussion with the prosecutor, the court vacated the sentence of probation. [DE 76-7 ¶ 9]. Kochanek never saw or spoke to Westbrook again; in fact, that single conversation in the courthouse hallway was the only interaction they ever had.

On December 20, 2010, Westbrook filed this lawsuit under 42 U.S.C. § 1983, suing nine defendants, including former probation officers Johnson and Kochanek, for violating his federally secured rights in conjunction with his arrest and detention. [DE 1 at 2]. At this juncture, every defendant but Johnson and Kochanek has been dismissed from the case. Johnson and Kochanek have moved for summary judgment. [DE 74].[1] Westbrook responded to the motion on February 27, 2012, but did not attach any evidence to his brief nor dispute any of the defendants' factual recitations.

---

[1] Oddly enough, the Grant County probation office joined their motion, despite having been dismissed from the case more than one year ago. [DE 67]. Since the probation office is not a party to the case and has already obtained a favorable judgment, the court disregards the portion of the motion pertaining to it.

[DE 78]. Johnson and Kochanek replied on February 29, 2012, and the motion was taken under advisement. [DE 79]. The court now grants the motion.

## Standard of Review

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 922 (7th Cir. 2001); Fed. R. Civ. P. 56(c). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson*, 477 U.S. at 248. A "genuine issue" exists with respect to any such material fact, and summary judgment is therefore inappropriate, when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. On the other hand, where a factual record taken as a whole could *not* lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party, as well as draw all reasonable and justifiable inferences in her favor. *Anderson*, 477 U.S. at 255; *King v. Preferred Technical Grp.*, 166 F.3d 887, 890 (7th Cir. 1999). But the non-moving party cannot simply rest on the allegations or denials contained in its pleadings. It must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). Furthermore, the non-moving party may rely only on admissible evidence. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir.

2009).

## Discussion

Johnson's involvement in the case was limited, as described above. He discovered that Westbrook was sentenced to a term of probation and that Westbrook had never reported for it. He attempted to contact Westbrook, failed, and informed the trial court of those facts. He did all of those things in his capacity as a probation officer. In Indiana, a probation officer serves "at the pleasure of the appointing court and [is] directly responsible to and subject to the orders of the court." I.C. § 11-13-1-1(c). Under federal law, non-judicial officials whose official duties are integrally related to the judicial process are entitled to absolute immunity for their quasi-judicial conduct. *See Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Courts have extended that immunity to cover a probation officer, like Johnson, in a variety of circumstances. *See, e.g., Holmes v. Crosby*, 418 F.3d 1256, 1258-59 (11th Cir. 2005) (covered when preparing PSR); *Balas v. Leishman-Donaldson*, No. 91-4073, 1992 WL 217735 (6th Cir. Sept. 9, 1992) (covered when performing duties to ensure a probationer is complying with the terms of probation); *Kaufmann v. United States*, 840 F.Supp. 651, 656 (E.D. Wis. 1993) (PSR). There is no need to rely on those cases and reason by analogy, here. Previously, this court has explicitly held that a probation officer who prepares a revocation petition which is then reviewed and adopted as the basis of a bench warrant by a judicial officer is entitled to absolute immunity. *See Heitz v. LaPorte Cnty. Adult Probation Dep't*, No. 3:08-CV-37, 2009 WL 2413788 at *3-4 (N.D. Ind. Aug. 4, 2009). The facts of the *Heitz* case and the facts of this case, at least with respect to Johnson's involvement, are functionally identical, and the same result is warranted. Johnson is immune to this suit, and his motion for summary judgment is granted.

Kochanek's situation is different. Westbrook's account of the facts does not offer much context; Kochanek may have simply passed a message on to Westbrook, indicating that the prosecutor intended to seek imposition of his suspended sentence if he did not plead guilty, or he may have gone farther and acted as a negotiator on behalf of the prosecutor. In either case, giving credence to Westbrook's account of the conversation as the nonmovant, Kochanek was rude. And, in either case, Kochanek was playing a go-between role which could be considered atypical of a probation officer and potentially outside of his "quasi-judicial" function. That being so, it is not clear whether absolute immunity would apply. The court declines to answer that question, however, because Kochanek is entitled to summary judgment on the merits.

To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Kochanek's rude words–specifically, telling Westbrook to "shut [his] mouth" or "shut the f— up" [DE 76-8 at 23]–did not violate any right or law. There was certainly no element of coercion here, as Westbrook did not even take the plea. Kochanek did not search or seize Westbrook. He did not deprive him of any liberty or property at all, let alone deprive him of such without due process of the law. To the extent his words simply made Westbrook uncomfortable (Westbrook's complaint at one point mentions "negligent infliction of emotional distress" [DE 1 at 6]), that does not provide the basis for a federal claim. In short, "the verbal abuse and harassment complained of here are not sufficient to state a claim under § 1983." *Erler v. Dominguez*, No. 2:09-CV-88, 2010 WL 670235 at *10 (N.D. Ind. Feb. 18, 2010) (citing *Dobbey v. Ill. Dep't of Corrs.*, 574

F.3d 443, 445 (7th Cir. 2009). Kochanek is entitled to summary judgment.

## Conclusion

Defendants Johnson and Kochanek – the only remaining defendants in this case – are entitled to summary judgment, and their motion is **GRANTED**. The clerk is instructed to enter final judgment in favor of the defendants.

SO ORDERED.

ENTERED:  September 28, 2012

　　　　　　　　　　　　　　　　　　　　　/s/ JON E. DEGUILIO
　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　United States District Court